In the Matter of the Claim of BERRIE L. GORDON, Respondent, v. SIM R. GLUCKSON et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— SWEENEY, J. Appeals by the employer and its carriers from a decision of the Workmen's Compensation Board, filed March 25, 1969. It is conceded that claimant, while working as a domestic, injured her back in two compensable accidents, one on July 16, 1959 and another on August 31, 1961. In October of 1961, while claimant was hospitalized with a history of back pain for two years, X rays taken of the lumbosacral spine indicated a " probable infectious process or an osteochrondritis." In September of 1962 when her back condition became worse, she was again hospitalized, this time for back surgery. X rays of the chest at that time revealed pulmonary tuberculosis and the back operation was canceled. X rays of the lumbosacral spine showed tuberculosis spondylitis of the lumbosacral joint. In May of 1963 claimant was discharged from the hospital after an eight-month treatment of the tuberculosis. She continued under the care of her physician, suffering from back pain from time to time. The board has determined that claimant's tubercular back condition was aggravated by both accidents and that claimant has a continuing causally related disability. Appellant carriers contend that there is no substantial evidence to support the board's findings. Dr. Ehrlich, one of claimant's attending physicians, testified that the accidents were competent to produce

the disability. Claimant gave a history of continuing back pain. Dr. Rosen, claimant's orthopedic consultant, testified that claimant's weakened back condition resulted from both accidents, and that the tuberculosis of the lumbosacral joint was aggravated by the injuries sustained in the two accidents. Dr. Shera, the impartial specialist, conceded on cross-examination that tuberculosis can metastasize to an area which is more susceptible due to a pre-existing injury. While there was contrary testimony and evidence, questions of fact were created which were in the province of the board to decide. (*Matter of Amato* v. *Agway, Inc.*, 33 A D 2d 850; *Matter of Bombala* v. *Lark Mfg. Co.*, 32 A D 2d 593, mot. for lv. to app. den. 25 N Y 2d 737.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.